**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

MDKC LLC,
1704 Jefferson St.
Kansas City, MO 64108

OZMD LLC,
511 Gladstone Blvd.
Kansas City, MO 64124

Megan Duma
4520 W 65th Street
Prairie Village, KS 66208

SAS Properties LLC,
4442 Harrison St.
Kansas City, MO 64110

JEST RE LLC,
7910 Jefferson Street
Kansas City, MO 64108

Sandra Swearingen
3409 W 122nd St,
Leawood, KS 66209

Dayne Properties LLC,
601 NE Woodlawn St, 64116
Kansas City, MO

Prism Acquisitions LLC,
1138 Pacific St. #1S
Kansas City, MO 64106

Stephen Mitchell  & Barbara Mitchell,
2 Jansen Place
Kansas City, MO 64109

River Jordan Realty,
136 Kensington Ave.
Kansas City, MO 64123

JR Homes LLC,

Case No. 4:23-399
Division No.: _____
Judge:_____

4817 N. Fremont Ave.
Kansas City, MO 64119

PopandPineHome LLC,
4037 Forest Ave.
Kansas City MO, 64110

Dirk & Kindyl Younkin
11 Puerto Nuevo, Foothill Ranch,
California 92610

3903 Central LLC
3903 Central Ave.
Kansas City MO 64111

3931 Wyandotte LLC,
3931 Wyandotte St.
Kansas City MO 64111

Jason Newman
4805 W 148th St,
Leawood, KS 66224

T and C LLC,
720 Main St. Unit #s 203,207,716,702,
Kansas City Mo, 64105

Tyler Shirk & Cecille Gregorio
7140 Park St.,
Shawnee, Kansas

New Beginnings Investments, LLC,
3938 Forest Ave.
Kansas City, MO 64110

Harmony Brown,
5026-5028 N Topping Ave.
Kansas City, MO 64119

Christine Shuck,
3215 E. 10th St
Kansas City, MO 64127

Lux Properties MO LLC,
20 E. 32nd St.
Kansas City, MO 64111

Track Investments LLC,
7320 NW 85th Terr.
Kansas City, MO 64153

Jeramey Jordan,
7316 NW 85th Terr.
Kansas City, MO 64153

Kevin Tan,
400 N Van Brunt Blvd.
Kansas City, MO 64123

Ah Chey Tan and Siew Em Hong
410 N Van Brunt Blvd.
Kansas City, MO 64123

Front Porch Homes KC LLC
1116 w 41st Terr.
Kansas City MO 64111

Yvette Molina and Josh Ross
675 Jean St,
Oakland CA 94610

SWW Properties LLC
160 Alamo Plaza, Suite 504
Alamo, CA 94507

Amber Wright
1590 Las Trampas Rd.
Alamo, CA 94507

Mike & Francesca Hagerty
10901 Grandview Rd.
Kansas City MO 64137

"Plaintiffs"

vs.

The City of Kansas City, Missouri,
Neighborhood Services Division of Kansas
City, Board of Zoning Adjustment of the
City of Kansas City, and in their official
capacities for the City of Kansas City MO,

Jeffery Williams Diane Binkley, and Forest
Decker

                        Defendants.

## COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, DAMAGES, AND ATTORNEYS FEES

COMES NOW, the above-captioned Plaintiffs, ("Plaintiffs") and bring this action as those who applied for a Short-Term Rental ("STR") Permit from Kansas City, Missouri that were never processed, or made a substantial investment in reasonable reliance upon the existing 2018 STR Ordinance.  Plaintiffs appear by and through their undersigned counsel, seeking a temporary restraining order, preliminary injunction, permanent injunction, declaratory judgment relief, damages and attorneys fees against Defendants under Federal and State Law and allege as follows:

## PARTIES, JURISDICTION AND VENUE

        Plaintiffs are owners of STRs in Kansas City, Missouri.

Defendants are the City of Kansas City Missouri, the Board of Zoning Adjustment of the City of Kansas City, the Neighborhood Services Division of Kansas City and, in their official capacities for the City of Kansas City Missouri: Jeffery Williams, the Director of City Planning;  Diane Binkley, the Deputy Director of City Planning; and Forest Decker, the Director of Neighborhood Services.

        Jurisdiction is proper in Federal Court because there are Federal Questions of the Constitutionality of the recent Ordinances (Nox. 230067 and 230068) passed on May 4, 2023 by Kansas City Missouri relating to Short Term Rentals ("STR") under 42 U.S.C. § 1983.

        Venue is proper in the Western District of Missouri because the subject properties are located there.

## ALLEGATIONS COMMON TO ALL COUNTS

1.  Each Plaintiff fully sets out in their attached affidavits, which are incorporated herein by reference, their individual names and addresses, the names and addresses of their STRS, who owns the STR, and facts and circumstances supporting each of their claims against the City. The affidavits explain specific facts, dates, times, actions, and inaction by the City that form the basis of this lawsuit. Those affidavits are attached hereto as **Exhibit A**.

2.  Generally Plaintiffs have purchased, developed, furnished, and/or launched STRs in Kansas City.

3.  Prior to 2018, STRs were not specifically addressed in the City's zoning code, but the City treated them as illegal in residential zones, and legal in commercial zones.

4.  In August of 2018, the City of Kansas City Missouri (hereafter the "City") implemented its first ordinance regulating STRs under Chapter 88 of the City Code ("2018 STR Ordinance"). A true and correct copy of that Code is attached hereto as **Exhibit B**.

5.  The 2018 STR Ordinance allowed for STRs in residentially zoned areas, so long as the applicant had 55% of the surrounding neighbors' consent signatures.

6.  The 2018 allowed STR permit registration as a matter of right in Business zones, and other commercial types and the applicant only had to pay the City's STR fee after the City processed the application.

7.  The 2018 STR Ordinance was administrative in nature and allowed no discretion on behalf of City Officials to deny the STR permit registrations so long as the correct documentation was submitted.

8.  The 2018 STR Ordinance also allowed Historically Designated Places to operate as STR under a provision allowing Special Use Permits for official historic homes.

9.  Plaintiffs Stephen and Barbara Mitchell have been operating their apartment at 2 Jansen Place, Kansas City MO 64109  as an STR since 2009.

10.  Plaintiff MDKC, LLC has been operating its STR since April 2018.

11.  Plaintiff 3903 Central LLC has been operating its STR since 2016.

12.  Plaintiff Front Porch Homes KC LLC has been operating since 2017. ,

13. Plaintiff Track Investments LLC has been operating its STR at 7320 NW 85th Terr. Kansas City, MO 64153 since 2013.

14. Plaintiff Jeramey Jordan has been operating his STR at 7320 NW 85th Kansas City MO 65143 since 2011.

15. All other Plaintiffs purchased, improved, and/or began operating their STRs after the 2018 STR Ordinance.

16. All Plaintiffs have made a substantial investments in their STR Units in terms of renovations, property improvements, furnishings, security, and preparation of operating a STR in reliance upon the STR regulations remaining as the 2018 STR Ordinance required.

17. All Plaintiffs have either applied for a STR permit on or before May 4, 2023, or taken steps with the City to begin that process because of their substantial investments.

18. During November and December of 2022, the City conducted a Community Pulse Survey of over 1,700 KC Metro residents regarding the needs of the Community and STRs. It is attached hereto as **Exhibit C**, and incorporated in its entirety by reference (hereafter "Survey.")

19. The Survey concluded that:

    a. 42.8% of respondents wanted STRs to be allowed anywhere in the City, and 9% wanted them in Residential, meaning over 50% of the respondents were totally fine with residentially zoned STRs.

    b. 60% of STR owners did not live in their STR, and 28% did live in their STR full time.

    c. Only 5% of STR owners lived there seasonally ("snowbirds.")

20. The Survey also listed a number of ways the City could help achieve its goals with STR regulations, including:

    a. Requiring that "no parties" be on the listing;

    b. Limiting the number of guests;

    c. Minimum renter/tenant age;

    d. Minimum length of stay;

    e. Requiring contact information;

    f. Noise Monitoring software.

6

21.    The Survey also noted, "Non-KCMO residents were more likely to own a rental in KCMO, which had a strong correlation with being anti-regulation of any sort."

22.    After public hearing on April 19, 2023 where the City limited speakers to only 1 minute, and cut off many speakers, the Ordinance went to a second meeting on May 3, 2023.

23.    At this May 3rd meeting, the City disallowed any public testimony.

24.    Plaintiffs were not able to get copies of the proposed ordinance before it went to City Counsel on May 4, 2023.

25.    On May 4, 2023, the City adopted two new STR ordinances, "Committee Substitute For Ordinance No. 230267. " which bestowed upon the director of neighborhood services the authority for its enforcement.  These Ordinances are attached hereto as **Exhibits D** (Ordinance 230267) and **Exhibit E** (Chapter 56).

26.    At the very last minutes of City Counsel's meeting, Councilmember Eric Bunch asked for a $1,000 educational grant from the general fund, a portion of the Ordinance which was never in the originals as proposed.  *See* **Ex. A**: Affidavit of Stephen Mitchell.

27.    Ordinance 230267 transfers and bestows the ability to enforce the code to the Neighborhood Services Department, stating in Section 7 "That the Director of Neighborhood Services Department is designated as requisitioning authority for Account No. 24-1000-572319-B."

28.    230267 also states in Section 9 "That this ordinance is recognized as an ordinance with an accelerated effective date as provided by Section 503(a)(3)(C) of the City Charter in that it appropriate money and shall take effect in accordance with that section."

29.    The other ordinance is Chapter 56, Article VIII which is set to go into effect on June 15, 2023 (both ordinances collectively referred to hereafter as the "2023 STR Ordinance.")

30.    Chapter 56 specifically states that "WHEREAS on December 15, 2022, the City Council passed Resolution No. 221069, directing the City Manager to begin transition of regulatory duties concerning short-term rentals from the City Planning and Development Department to the Neighborhood Services Department[.]"

31.    The 2023 STR Ordinance only allows STRs in resident-occupied homes in residential areas.

32. The 2023 STR Ordinance bans all so-called "Type-2" Non-Owner Occupied STRs in residential areas that were explicitly allowed with 55% neighbor consent under the 2018 STR Ordinance.

33. Owner occupied homes is defined as someone who lives in their home at least 270 days a year.

34. It also has a density limit for non-resident occupied STRS of 1000 square feet in any direction.

35. The 2023 STR Ordinance does not have this density requirement for those native KCMO owner-occupied residents who have to live there 270 days a year.

36. At one of the hearings, Ms. Diane Binkley stated that the 270 day time residency provision is to protect the "snowbirds" who want to rent their home on a short term basis while they go down to Florida for the winter.

37. Many Plaintiffs are over 40 years old and have to work full time to provide for themselves and their families. They are not able to leave the Kansas City area like the "snowbirds" and are needed here to continue in the work force.

38. The Neighborhood Services Department and Diane Binkley specifically stated during multiple hearings on the proposed 2023 STR Ordinance that those who already have a valid STR permit will be "grandfathered" in.

39. For the purposes of this Complaint, "grandfathering" means protected from the requirements of the 2023 STR Ordinance, and which under Missouri law is known as pre-existing legal nonconformance rights.

40. This so-called grandfathering provisions in Chapter 56 (Ordinance 230268) read:

   a. "The requirements stated in this section shall not apply to a properly registered short-term rental pursuant to Chapter 88 of this Code. Unless exempted from this section, beginning June 15, 2023, each dwelling unit, before being offered, provided or operated as a short-term rental in the city, shall have its registrant submit the following to the director…] (Sec. 56-803).

   b. They are exempted from zoning and density per 56-803 (c): "The zoning and density requirements stated in this subsection shall not apply to … any short-term rental that, as of the date the [Ordinance] becomes effective,

was properly permitted Type 2 short-term rental pursuant to Chapter 88 of this Code that has not subsequently lapsed or been revoked."

   c.   "A properly registered short-term rental pursuant to Chapter 88 of this Code is exempt from liability for any unlawful act under this section.  (See Sec. 56-807.  Unlawful Acts.)

41.     However, the City is attempting to eventually ban all STRs in residential districts for non-residents, because the right to a grandfathered permit under the old scheme does not run with the land.

42.     Sec. 56-806 (a) specifically states:  "Change in ownership or registrant.  If, during any registration period, there is a change in either ownership, or the identity of the person with authority to serve as the registrant, of a dwelling unit registered pursuant to this article, such registration shall no longer be valid, and before  again being offered, provided or operated as a short-term rental in the city, such dwelling unit must be issued a new registration by the director pursuant to [the 2023 STR Ordinance.]"

43.     Sec. 56-806 (a) attempts to strip Plaintiffs of their valid non-conforming land use property rights which are guaranteed under Missouri law, and in direct opposition of what the City promised these Plaintiffs during public hearings.

44.     If the City is successful, they will eventually rid their residential neighborhoods of all STRs, and only have 1 per every 1,000 square feet in business zones.

45.     After June 15, 2023, the City will have the authority to prosecute a misdemeanor crime against anyone in violation of the 2023 STR Ordinance, imposing fines of up to $1,000 a day, or imprisonment of not more than 180 days or both.

46.     The City will also require the third-party booking sites, like Airbnb and VRBO to require a City STR Registration number, or they are to de-list the homeowners STR property from their platform.

47.     If Plaintiffs properties are de-listed, or unable to operate, it will cost them in excess of $1,000,000 a year in damages from lost STR rents.

48.     Plaintiffs are those who have made a substantial investment in property in Kansas City Missouri in reasonable reliance of an economic outcome based on the 2018 STR Ordinance.

9

49.     Most Plaintiffs are individuals who applied for a STR permit under the 2018 STR Ordinance, and before the 2023 STR Ordinance came into effect.

50.     At least two Plaintiffs had applications seeking pending for over 4 years and 9 months.

51.     On May 16, 2023, the City voided about half of Plaintiffs pending applications.

52.     On May 31, 2023, the City denied the other half.

53.     In voiding and denying the pending applications under the 2018 STR Ordinance, the City did not follow its required procedures from the 2018 STR Ordinance which requires: 88-321-04-C. PERMIT DENIAL, SUSPENSION, OR REVOCATION.  Which require the City to identify the "basis for the determination of ineligibility."   And to "include a statement of information advising the short term host or proposed host that the host is entitled to a hearing to contest the determination of ineligibility for listing, suspension, or revocation by filing an appeal of administrative decision in accordance with 88.575. 3."

54.     Plaintiffs have notified the City that its form voided / denied email did not meet the requirements of the 2018 STR Ordinance, with no response from the City.

55.     Most Plaintiffs have not received the return of their STR application fees ($277 per property) as of the filing of this Complaint.

56.     City Officials in planning and development have sent the applicants to "Neighborhood Services" to contact "Matthew Keeney."

57.     Plaintiffs have sent dozens (maybe hundreds) of emails and calls to Mr. Keeney with very limited response or direction, except to wait until June 15, 2023 and follow the new Chapter 56 rules.

58.     As the City is about to begin stripping Plaintiffs of their liberty and livelihood by virtue of the 2023 STR Ordinance, Plaintiffs pray as follows:

10

## COUNT I

**(Seeking a Temporary Restraining Order, Preliminary and Permanent Injunction Under  FRCP 65  Stopping The Enforcement Of the New Chapter 56 of the Code of Ordinances)**

59.     Plaintiffs hereby incorporate by this reference the foregoing paragraphs 1-58 of its Complaint as if fully set forth herein.

60.     If Neighborhood Services is given the power to take away permits, de-list properties,  fine home owners and other STR operators at $1,000 a day, and imprison home owners, it will violate Plaintiffs' Constitutional, Statutory, and Common Law rights as stated in this Complaint.

61.     The harm done to Plaintiffs is imminent and irreparable because the City has committed to enforcing this Ordinance starting June 15, 2023.

62.     The harm is immediate and injury irreparable because it will essentially shut down the livelihood of Plaintiffs and effectively stop their businesses, for which many is the income for their families to live.

63.     The nature and damage created in Plaintiffs' lives is fully discussed in each Plaintiff's affidavit.  *See* **Ex. A**.

64.     All Plaintiffs are small mom-and-pop businesses supporting themselves, and their families.

65.     Plaintiffs allegations indicate that Plaintiffs will have success on the merits entitling them to the preliminary relief requested.

66.     Public interest will be served by the Court granting the relief asked for by this Complaint.

67.     The balance to the harm of the Plaintiffs compared to the harm to the Defendant City by this situation favors the Plaintiffs.

68.     The City will suffer no economic harm from non-enforcement of its ordinance because it is still  holding the Plaintffs' application money, and collecting occupancy taxes from the operation of Plaintiffs' STRs.

**WHEREFORE** Plaintiffs pray the Court to issue an order to temporarily stop the City from enforcing its new Ordinance on June 15, 2023 until the Court has determined whether the 2023 STR Ordinance is legally applied to Plaintiffs, or Constitutional as a whole upon final determination of this Complaint and lawsuit.

## FEDERAL QUESTIONS OF LAW
## COUNT II

**(Declaratory Judgment Voiding 2023 STR Ordinance For Violation of the Dormant Commerce Clause (U.S. Const. Art. 1, § 8 cl. 3.) Because It Differentiates Between Residents and Non-Residents)**

69.    Plaintiffs hereby incorporates by this reference the foregoing paragraphs 1-68 of its Complaint as if fully set forth herein.

70.    The 2023 STR Ordinance specifically grants privileges (STRs in R zones, and no density requirements) to those who live in the home in Kansas City Missouri.

71.    It treats anyone who does not live in Kansas City Missouri but owns property there differently.

72.    There is no legitimate purpose behind the 2023 STR Ordinance because it allows Kansas City Missouri Residents to maintain a STR at their home even when they are not there for 3 months of the year because they are retired "snowbirds" in Florida.

73.    It disallows the same privilege for non-residents.

74.    There is no legitimate purpose to stop STRs in areas that are already zoned for business or commercial uses therefore the density requirements for non-resident occupied STRs in areas zoned "B" do not pass the scrutiny test.

75.    This is in violation of the dormant commerce clause, as discriminating against out-of-state owners, such as the Plaintiffs who are residents of Kansas and California. *See* Out-of-State Plaintiffs' Affidavits, **Ex. A:** Megan Duma, Sandra Swearingen, Dirk Younkin, Jason Newman, Tyler Shirk, Cecille Gregorio, Yvette Monlina, Josh Ross and Amber Wright.

76.    The Court should invalidate the Ordinance on its face because it can be adequately served by reasonable nondiscriminatory alternatives, as some of those very alternatives were the preferred option in the Survey conducted by the City.

**WHEREFORE** Plaintiffs pray the Court invalidate the Ordinance on its face for violating the Dormant Commerce Clause of the United States Constitution.

## COUNT III

**(Declaratory Judgment Voiding New Ordinance For Violation of the Contracts Clause Under U.S. Const. Art. 1, § 10 and Missouri Cons. Art. 1 §13)**

77. Plaintiffs hereby incorporate by this reference the foregoing paragraphs 1-76 of its Complaint as if fully set forth herein.

78. Plaintiff seeks declaratory judgment invalidating the ordinance in violation of its right to contract under Art. 1, § 10 of the United States Constitution.

79. Plaintiffs have multiple contracts spanning well into 2024, which Plaintiffs would be unable to honor due to the Ordinance.

80. Plaintiffs' contracts are collectively over $200,000 in value, and potentially more in damages if Plaintiff is forced to breach its contracts with the tenant-guests.

81. The City has no significant or legitimate public purpose to invalidate those contracts for a Property that is zoned B-1, and is not in a residential area.

82. The Ordinance is invalid because it could be drafted in a more appropriate and reasonable way to achieve its purpose.

83. Plaintiffs seek further declaratory judgment invalidating the ordinance in violation of its right to Contract under Missouri Cons. Art. 1 §13 because the Ordinance operates to impact rental contracts that have already been executed, in violation of §13.

**WHEREFORE** Plaintiffs pray the Court declare the Ordinance invalid in violation of the Contracts Clause of Art. 1, § 10 of the United States Constitution and under Missouri Cons. Art. 1 §13.

## COUNT IV

**Damages For An <u>Unlawful Taking</u> of Property Rights Under the Fifth and Fourteenth Amendments (U.S. Const. amend. XIV, § 1 Cl. 5, and Cl. 14) and Missouri Const. Art. 1 §26.**

84. Plaintiffs hereby incorporate by this reference the foregoing paragraphs 1-83 of its Complaint as if fully set forth herein.

85. The City has executed a regulatory taking of property, money, and permits from Plaintiffs without compensation.

86. Missouri Law specifically establishes that Contracts are Property Rights: The Missouri Constitution Art. 1 Sec. 13 states that "No ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted."

87. Here, the Ordinance takes away the Plaintiffs ability to perform their rental agreement contracts, which span well into 2024, (before the Ordinance went into effect) without just compensation, and instead threatening jail time and $1,000 fines per day.

88. Missouri Law specifically establishes a vested property right in all legal non-conforming uses.

89. Plaintiffs have legal non-conforming uses of their properties long before the 2023 STR Ordinance, (some as early as 1908, and others since 2009, 2013, 2017 and 2018) which the Ordinance unlawfully deprives them of without reasonable compensation.

90. Missouri law also establishes a vested property right in vested non-conforming uses where there has been substantial investment.

91. Plaintiffs have invested millions of dollars in reliance that the laws would remain the same, and thus have a equitable non-conforming use under Missouri law.

92. The Ordinance deprives them of that use without reasonable compensation.

93. Missouri law also establishes a vested property right in non-conforming uses where Plaintiffs are deprived of all economically viable use of their property and deprived of reasonable, investment-backed expectations that they made relying on

the previous laws.  This is another vested property right which the Ordinance takes without just compensation.

94.   Missouri law also establishes property rights where there have been policies and practices in place by the City that would vest a non-conforming legal use as a property right.

95.   Here, the City had a practice and policy of non-responses, delays, and unwillingness to enforce the 2018 STR Ordinance which they had in place.  This policy and practice, which span almost five years, created a vested non-conforming use in the Plaintiffs, which is now being taken without just compensation.

96.   Missouri law also establishes vested non-conforming property rights where a City has been shown to have an aggravated delay and untoward activity in processing applications for permits.

97.   Here, Plaintiffs have applications that have been pending for nearly five years-only to be "voided" on May 18, 2023, or "denied" on May 31, 2023 with instructions to contact a City Employee who refuses to respond.  This is clearly an aggravated delay and untoward activity.


**WHEREFORE** Plaintiffs demand the City pay damages for all lost rents, losses in value, attorneys fees, and just compensation for any taking that occurs because of the Ordinance.

## COUNT V

**(Declaratory Judgment Voiding New Ordinance For Violation of the Right To Associate Under the 1st Amendment (U.S. Const. amend. XIV, § 1 Cl. 1) and Missouri Law (V.A.M.S.  §213.040 and § 213.065)**


98.   Plaintiffs hereby incorporate by this reference the foregoing paragraphs 1-97 of its Complaint as if fully set forth herein.

99.    The 2023 STR Ordinance violates the First Amendment Rights of individuals to associate because they are present often to celebrate marriages or funerals.

15

100. The 2023 STR Ordinance limits the number of people that may be in a home to 8 persons in violation of the First Amendment, and individuals' rights to associate.

101. The "Strict Scrutiny" standard applies to this Ordinance.

102. The 2023 STR Ordinance could be more narrowly tailored to achieve its goal, especially considering some of the Plaintiffs are zoned B-1, and not in a neighborhood setting, where the City hopes to achieve its goals.

103. Plaintiffs pray that the Court invalidate the 2023 STR Ordinance under the Strict Scrutiny Standard in violation of the First Amendment Right to Associate.

**WHEREFORE** Plaintiffs pray the Court declare the 2023 STR Ordinance invalid in violation of the right to associate under the First Amendment and protections for religious gatherings under the First Amendment and Missouri State Law.

## COUNT VI

**(Declaratory Judgment Voiding New Ordinance For Violation of Procedural Due Process Under the 14th Amendment (U.S. Const. Art. 1, § 8 cl. 14) and the Missouri Constitution (§ 1; Mo. Const. art. 1, § 2) For:**

**(A) Failure to Proceed as Required Under Kansas City Missouri's Standing Rules of City Counsel 10.06(c) Requiring Counsel To Allow Public Testimony at Hearings on Ordinances.**

**(B) Failure to Proceed as Required Under Zoning & Development Ordinance 88-505-06 (A) Requiring The City Allow Interested Parties An Opportunity To Appear and Be Heard at Required Public Hearings; and**

**(C) Failure to Proceed as Required Under Kansas City Missouri's Standing Rules of City Counsel 3.01(f) Requiring a Copy of the 2023 STR Ordinance For the Public at its Request;**

104. Plaintiff hereby incorporates by this reference the foregoing paragraphs 1-103 of its Complaint as if fully set forth herein.

105. The City held two public hearings regarding the proposed 2023 STR Ordinance.

106. The first hearing was on April 18, 2023, where City officials limited public testimony speaking for only one minute: cutting off, interrupting, and not fully

hearing many of the Plaintiffs' testimony protected under the Constitution as procedural due process.

107.  The second hearing was on May 3, 2023, where, at the last minute, City Officials refused to hear any public testimony what-so-ever.

108.  Many Plaintiffs were present, and had more information to present, beyond their 1-minute limit.

109.  This was a violation Kansas City Missouri's Standing Rules of City Counsel 10.06(c) and Kansas City Missouri's Zoning and Development Code §88-505-06 which requires that interested parties "must be given an opportunity to appear and be heard at required public hearings, subject to reasonable rules of procedure."

110.  Plaintiffs were denied this procedural due process by the one-minute limit on their testimony on April 18, 2023, and by denying them any rights at the next public hearing.

111.  Also, before the May 3, 2023 hearing, the City had made changes to the proposed 2023 STR Ordinance, and did not have copies available by request as required by Kansas City Missouri's Standing Rules of City Counsel 3.01(f).

112.  This is further violation of Plaintiffs' rights to due process under the U.S. Const. Art. 1, § 8 cl. 14) and the Missouri Constitution  (§ 1; Mo. Const. art. 1, § 2).

**WHEREFORE** Plaintiffs pray the Court declare the Ordinance invalid in violation of Plaintiffs' fundamental procedural Due Process Rights.

## COUNT VII

**(Declaratory Judgment Voiding New Ordinance For Violation of Substantive Due Process Under the 14th Amendment (U.S. Const. Art. 1, § 8 cl. 14) and the Missouri Constitution  (§ 1; Mo. Const. art. 1, § 2) As to:**

**(A) Occupancy Limits (+8 Family Gathering);**

**(B) Property (Right To Work, Contracts, and Vested Property Rights); and**

**(C) Prohibitions On Gathering For Religious Purposes**

113.  Plaintiff hereby incorporates by this reference the foregoing paragraphs 1-112 of its Complaint as if fully set forth herein.

114.  Plaintiff seeks declaratory judgment invalidating the 2023 STR Ordinance in violation of the substantive rights of life and property under the United States and Missouri Constitution.

115.  Firstly, the 2023 STR Ordinance prohibits families of more than 8 persons from gathering in violation of the protections of the 14th Amendment and the Missouri Constitution.

116.  Secondly, the 2023 STR Ordinance violates individuals' fundamental rights to property in three different respects:

    a. The 2023 STR Ordinance violates the Plaintiffs' rights to work and enjoy the fruits of their labor by prohibiting individuals earning a living operating an STR,  and of its guests to use STRs for work in Kansas City.

    b. The 2023 STR Ordinance violates the Plaintiffs' rights to enjoy the benefits of their Contracts.

    c. The 2023 STR Ordinance violates the Plaintiffs' vested Property rights as non-conforming uses.

117.  Thirdly, the 2023 STR Ordinance violates individuals rights in gathering to celebrate marriages, funerals, and other religious rights of passage.

118.  The 2023 STR Ordinance is in violation of the 14th Amendment's substantive due process rights of life and property.

119.  The City's conduct is clearly arbitrary and unreasonable and has no substantial relationship to the public health, safety, morals, or general welfare.

**WHEREFORE** Plaintiffs pray the Court declare the Ordinance invalid in violation of Plaintiffs' fundamental substantive Due Process Rights.

## COUNT VIII

**(Declaratory Judgment Voiding New Ordinance For Violation of Equal Protection Based on Age Under the 14th Amendment (U.S. Const. amend. XIV, § 1 Cl. 14) and Missouri Law (V.A.M.S. §213.040, § 213.065, § 213.070))**

120. Plaintiffs hereby incorporate by this reference the foregoing paragraphs 1-119 of its Complaint as if fully set forth herein.

121. The 2023 STR Ordinance violates the Fourteenth Amendment Rights of individuals to not be discriminated based on their age.

122. The 2023 STR Ordinance specifically allows for "snowbirds" to take advantage of a paid-for Florida (or other warm-weather location) winter, while those stuck in the work force are not given the same benefit.

123. For the Plaintiffs, operating a STR is their livelihood, and they cannot go to Florida for three months while occupying their home the remaining nine months.

124. This is discriminatory on the basis of a protected class: age.

125. The City's interest in limiting these rights does not meet the standard of a compelling interest and it is not the most narrowly drawn means of achieving that end.

**WHEREFORE** Plaintiffs pray the Court declare the 2023 STR Ordinance invalid in violation of the rights of a protected class under the Fourteenth Amendment and Missouri State Law.

## MISSOURI STATE QUESTIONS OF LAW
## COUNT IX

**(Plaintiffs Seek a Writ of Mandamus Ordering City to Process and Approve All Applications Which Were and/or Could Have Been Submitted Before June 15, 2023)**

126. Plaintiffs hereby incorporate by this reference the foregoing paragraphs 1-125 of its Complaint as if fully set forth herein.

127. The 2018 STR Ordinance, Chapter 88 is ministerial in nature, and allows no discretion on behalf of the City, therefore the City's actions under it can be compelled by Mandamus.

128. Plaintiffs complied with all requirements and supplied all information required under the 2018 STR Ordinance.

129. The City delayed and refused to issue these permits in violation of its necessary ministerial duties.

**WHEREFORE** Plaintiffs pray the Court order the City to process and approve all of Plaintiffs' STR applications which were made prior to the new Ordinance and allow those who have made a substantial investment to submit their applications under the 2018 STR Ordinance with the opportunity to be grandfathered in;

## <u>COUNT X</u>

### (Declaratory Judgment To Grandfather Plaintiffs' Properties As A <u>Legal Vested Prior Non-Conforming Use</u>)

130. Plaintiffs hereby incorporate by this reference the foregoing paragraphs 1-129 of its Complaint as if fully set forth herein.

131. Plaintiffs that submitted all documentation and information required under the 2018 STR Ordinance and before the 2023 STR Ordinance have a legal vested prior non-conforming use.

132. Any Plaintiffs with legal uses before 2018 also have a legal vested prior non-conforming use.

**WHEREFORE** Plaintiffs pray the Court enter a declaratory judgment allowing the legal, non-conforming use of a STRs for Plaintiffs.

# COUNT XI

**(Declaratory Judgment To Grandfather Plaintiffs' Properties As A Equitable Non-Conforming Use Based On Substantial Investment In Reliance Upon Existing Law)**

133.   Plaintiffs hereby incorporate by this reference the foregoing paragraphs 1-132 of its Complaint as if fully set forth herein.

134.   Plaintiffs seek further declaratory equitable relief from enforcement of the 2023 STR Ordinance because of its substantial investment in reliance upon existing laws before the 2023 STR Ordinance was in place.

135.   Plaintiffs have invested significant amounts of money into their STRs in reliance that the laws would remain the same.

136.   Plaintiffs applied for a STR permit during the period in which the old 2018 STR Ordinance was in effect, and the City refused to process their valid applications.

137.   The City voided or denied the Plaintiff's application in violation of due process, and in violation of the old 2018 Ordinance.

138.   Plaintiffs have done everything they could to work with the City to get the 2018 STR permit, and the City never responded and is now ignoring requests on the grandfathering issue, or Plaintiffs' legal and vested non-coforming rights.

139.   The City should not be allowed to have a practice and pattern of non-enforcement and ignoring STR applicants, only to disallow their grandfathered properties with legal vested non-conforming rights.

**WHEREFORE** the City's practice with respect to STRs is inherently unfair, and Plaintiffs seek a declaratory judgment based in equity and Missouri common law because of substantial investment and actions over the last six years.

## COUNT XII

**(Declaratory Judgment To Grandfather Plaintiffs Uses As An Equitable Non-Conforming Use Based On Laches, Aggravated Delay, and Untoward Activity)**

140.  Plaintiffs hereby incorporate by this reference the foregoing paragraphs 1-139 of its Complaint as if fully set forth herein.

141.  The City intentionally and significantly delayed the processing of Plaintiffs' STR applications under the 2018 STR Ordinance in multiple cases by over four years and nine months.

142.  The City's actions equal aggravated delay and untoward activity.

143.  The City should be required, based on the doctrine of laches, to recognize the valid non-conforming STR use of Plaintiffs' properties on that basis.

**WHEREFORE** the City's practice with respect to STRs is inherently unfair, and Plaintiffs seek a declaratory judgment based in equity and Missouri common law because of laches and the City's aggravated delay and untoward activity.

## COUNT XIII

**(Declaratory Judgment To Grandfather Plaintiffs STR Uses As A Equitable Non-Conforming Use Based The City's Policies and Practices)**

144.  Plaintiffs hereby incorporate by this reference the foregoing paragraphs 1-122 of its Complaint as if fully set forth herein.

145.  The City, since at least 2016, was not enforcing any of is Ordinances regulating STRs.

146.  When the 2018 STR Ordinance was in effect, the City failed to significantly enforce that Code.

147.  The City's lack of enforcement of the 2018 STR Ordinance was a policy and practice that vested rights in the Plaintiffs of a valid non-conforming use.

**WHEREFORE** the City's lack of significant enforcement of the 2018 STR Ordinance and instead enacting the ban of certain STRs in residential districts and other over regulation of STRs under the 2023 STR Ordinance is inherently unfair, and Plaintiffs seek a declaratory judgment based in equity because of such City's policy and practice of non-enforcement of the 2018 STR Ordinance.

## COUNT XIV

**(Declaratory Judgment and Damages To Grandfather Plaintiffs Valid Non-Conforming Uses to Run with the Land)**

148. Plaintiffs hereby incorporate by this reference the foregoing paragraphs 1-147 of its Complaint as if fully set forth herein.

149. The 2023 STR Ordinance attempts to deprive the Plaintiffs of their rights to a valid non-conforming use that runs with the land by Sec. 56-806 (a) of the 2023 STR Ordinance.

150. Plaintiffs have a vested right that is transferable so long as the use is not abandoned.

151. The City should not be able to enact laws depriving vested property rights without due process, in violation of the U.S. and Missouri Constitutions, statutes, and common law and without paying compensation.

152. If Plaintiffs vested property rights are taken, and they can't sell their vested non-conforming use, they will suffer damages in the form of loss of money in the value of their properties when they sell them as a STR versus selling them limited to single family occupation.

**WHEREFORE** Plaintiffs seek declaratory relief invalidating the 2023 STR Ordinance due to Sec. 56-806 (a), and alternatively, for damages for taking their vested property rights.

## COUNT XV

**(Attorneys Fees and Costs Under** 42 U.S.C. § 1988 **)**

153.   Plaintiffs hereby incorporate by this reference the foregoing paragraphs 1-129 of its Complaint as if fully set forth herein.

154.   Reasonable Attorneys Fees and expert witness fees are allowed for successful protection of the Constitutional Rights under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for reasonable attorneys fees, expert witness fees, and costs.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff now prays for:

(1) a Temporary Restraining Order stopping the City from enforcing the 2023 STR Ordinance on June 15, 2023;

(2)  permanent injunctive relief stopping the City from enforcing the 2023 STR Ordinance until the determination of its legality;

(3) for a declaratory judgment deeming the 2023 STR Ordinance invalid as unconstitutional,

(4) for money damages for a taking of a vested non-conforming use as a property right conferred by Missouri law;

(5)  for a writ of mandamus ordering the City to process all Plaintiffs' pending 2018 STR Ordinance applications, and allow those Plaintiffs who have not applied time to apply;

(6)  for a declaratory judgment deeming the Plaintiffs' STR properties to be valid non-conforming uses in existence prior to the passage of the 2023 STR Ordinance;

(7) for a declaratory judgment deeming the Plaintiffs' use in their properties as an STR a valid non-conforming uses that run with the land;

(8) for a jury trial on the damages claims under the takings claims;

(9) for attorneys' fees, expert witness fees, costs and other relief or damages the
    Court deems appropriate.


                                        Respectfully Submitted,

                                        MD KC LAW, LLC

                                        /s/ Megan M. Duma

                                        Megan M. Duma       MO #72578
                                        2526 Holmes Street
                                        Kansas City, MO 64108
                                        Telephone: (619)871-3201
                                        Email: MeganDuma@gmail.com
                                        ATTORNEY FOR PLAINTIFFS,

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served via electronic mail and Federal Express Priority Overnight this 9th day of June, 2023 to the following:

Matt Gigliotti,
City of Kansas City Attorney
Attn: Brett Cassen

414 East 12th Street
23rd Floor, City Hall
Kansas City, MO 64106

Emailed Mr. Gigliotti at: Matt.Gigliotti@kcmo.org
Emailed Mr. Cassen at: Bret.Kassen@kcmo.org
CC'd Mr Gigliotti's assistant at: koree.loya@kcmo.org

And mailed via Federal Express, Priority Overnight, to the following:

Mayor Quinton Lucas
414 East 12th Street
23rd Floor, City Hall
Kansas City, MO