IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MDKC, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-00395-DGK |
| | ) | |
| CITY OF KANSAS CITY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER DENYING PLAINTIFFS' MOTION FOR A TRO AND GRANTING DEFENDANT CITY'S MOTION FOR AN EXTENSION OF TIME

This lawsuit arises from a new ordinance regulating Short Term Rentals ("STR") in Kansas City, Missouri, that is set to go into effect on June 15, 2023. Plaintiffs are property owners who own STRs in Kansas City, Missouri.

Now before the Court is Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 5, and Defendant City of Kansas City, Missouri's ("the City") Unopposed Motion for an Extension of Time to Respond to Plaintiffs' Motion for a Preliminary Injunction, ECF No. 7. Plaintiffs request a temporary restraining order enjoining Defendants City of Kansas City, Missouri; Neighborhood Services Division of Kansas City; and Board of Zoning Adjustment of the City of Kansas City (collectively "Defendants") from enforcing the 2023 STR Ordinance ("the Ordinance") on June 15, 2023, until the Court has held a hearing and ruled on Plaintiffs' request for a preliminary injunction.

As best the Court can tell, Plaintiffs request a hearing on the preliminary injunction, not the temporary restraining order.[1] In any event, any request for an immediate hearing is unnecessary since the Court is also granting the City's unopposed request for an extension of time to respond to Plaintiffs' preliminary injunction motion.[2]

After carefully reviewing the motion and the existing record, the Court holds Plaintiffs have not met their heavy burden for the Court to issue a temporary restraining order. The Court reserves ruling on Plaintiffs' request for a preliminary injunction until the issue is fully briefed.

With that in mind, the City's motion for an extension of time is GRANTED. The City shall file its response to Plaintiffs' motion for a preliminary injunction on or before June 27, 2023. Plaintiffs are ordered to file a reply within seven days after the City files its response. Each parties' brief shall make pinpoint citation to controlling caselaw and authority supporting their positions.

## Background

Plaintiffs' allegations are detailed in their Complaint, motion, and suggestions in support of the motion, all of which the Court has carefully reviewed. Compl., ECF No. 1; Mot. for TRO and Prelim. Inj., ECF No. 5; Sugg. in Support, ECF No 6. The allegations will not be repeated here.

---

[1] After Plaintiffs requested a hearing on the matter, the Court instructed them to identify in their motion for a temporary restraining order any outcome-determinative factual disputes that require a hearing to resolve. Despite this instruction, Plaintiffs have still not explained on the record why a hearing is necessary.

[2] In that motion, the City indicated it "cannot adequately brief and argue these issues to the Court in time for a hearing on preliminary injunction that Plaintiffs requested in their Motion 'be held on or about Wednesday June 14, 2023,'" and requested until June 27, 2023, to respond to Plaintiffs' motion for a preliminary injunction. Df. City's Mot. for Ext. of Time at 2. Plaintiffs did not oppose this request. After the issue is fully briefed, the parties may request a hearing on the matter, which the Court will grant if necessary.

**Standard for Issuance of a Temporary Restraining Order**

A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted). The Eighth Circuit applies the same standards to a request for a preliminary injunction and temporary restraining order. *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989).

The factors this Court considers in any such request are: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007) (citing *Dataphase Sys. Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). No single factor is determinative; they "must be balanced to determine whether they tilt towards or away from granting" the injunction. *Noodles Dev., LP. v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007).

**Discussion**

As an initial matter, Plaintiffs' motion and brief in support is inadequate to support their request. Despite requesting such an "extraordinary and drastic remedy," *Mazurek*, 520 U.S. at 972, Plaintiffs' brief cites almost no caselaw; it even fails to cite the standard for issuing a temporary restraining order. *See Phelps-Roper*, 509 F.3d at 484. This failure to cite applicable caselaw violates the Civil Rules of Procedure and the Local Rules. *See* Fed. R. Civ. P. 7(b)(1)(B) (requiring movants to "state with particularity the grounds for seeking the order"); L.R. 7.0(a) ("A written motion must be supported and opposed with suggestions, which are a written brief containing relevant facts and applicable law."); *see also United States v. Guzman-*

*Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support an appellant's argument." (internal quotation marks and alterations omitted)).

Additionally, the section of Plaintiffs' brief discussing the merits of their claims is poorly organized and does not identify the elements of Plaintiffs' claims or apply them to the facts of this case. Indeed, it is difficult to distinguish exactly which Counts Plaintiffs contend they will prevail on since the brief does not cite to nor mention the Complaint. Take, for example, Plaintiffs' claim "the city should be estopped by the doctrine of laches for aggravated delay and untoward activity because they should have issued STR permits under the 2018 STR Ordinance." Sugg. in Support at 5 (capitalization in quotation removed). Which Count(s) is this argument relevant to? The Court cannot tell, and it is not the Court's job to scour the record for such information. *Cf. Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1114 (8th Cir. 2004) (citing cases).

In short, Plaintiffs have not carried their burden of persuasion. Nonetheless, to aid in any appellate review, the Court analyses the four factors for granting a temporary restraining order as follows.

### A. Plaintiffs have not demonstrated a threat of irreparable harm.

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm. *See Noodles Dev.*, 507 F. Supp. 2d at 1036–37. "Failure to show irreparable harm is an independently sufficient ground upon which to deny [a temporary restraining order]." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Plaintiffs contend—without citation to any caselaw—that they will be irreparably harmed by the Ordinance based on the loss of projected income they will suffer. *See* Sugg. in Support at

7–8. While Plaintiffs may lose future business as a result of the Ordinance, an award of money damages can compensate them for this loss. Hence, there is no irreparable harm here. *See, e.g.*, *Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 300 (8th Cir. 1996) (finding temporary loss of income after being wrongfully terminated does not constitute irreparable injury); *Roberson v. Kansas City S. Ry. Co.*, 616 F. Supp. 3d 928, 940 (W.D. Mo. 2022). Further, as the City notes, some of the Plaintiffs do not even suffer from this potential harm because their STR operations have not yet begun. Df. City's Sugg. in Opp'n at 7–8, ECF No. 8. Indeed, some of the Plaintiffs are essentially seeking an advisory opinion since the Ordinance is not effective yet and they have not yet applied for STR registration under the Ordinance. *Id.* at 6–7.

Several Plaintiffs also intimate in their affidavits that they may face irreparable harm from the prospect of being imprisoned if they violate the Ordinance. Assuming for the sake of argument Plaintiffs are actually advancing such an argument, it is unavailing. *See King v. City of Marion, Arkansas*, No. 3:19-CV-00207-KGB, 2020 WL 534173, at *18 (E.D. Ark. Feb. 3, 2020) (finding no irreparable harm where claimant had not been criminally cited or prosecuted under the ordinance and his primary request for relief centered on money damages).

Finally, Plaintiffs' delay in seeking a temporary restraining order is inconsistent with their assertion that they will suffer immediate and irreparable harm. The City passed the Ordinance on May 4, 2023, with an effective enforcement date of June 15, 2023. Yet, Plaintiffs waited until June 9, 2023, to file their Complaint and June 12, 2023, to seek an injunction. This weighs against a finding of irreparable harm. *See Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 603 (8th Cir. 1999) (finding a delay in moving for preliminary injunctive relief negates a claim of irreparable injury pending trial).

**B.  Plaintiffs have not shown the balance of harms favors issuing a TRO.**

Plaintiffs argue that without the issuance of a temporary restraining order the risk to them is immense. They also contend Defendants will not suffer any economic harm from non-enforcement of the Ordinance because it is still holding Plaintiffs' application money and collecting occupancy taxes from the operation of Plaintiffs' STRs. *See* Compl. at 11; Sugg. in Support at 8.

The Court is not convinced. Plaintiffs have not shown that their loss of business prospects outweighs the interests of democracy in the City governing itself and regulating STRs.

**C.  Plaintiffs have not shown a likelihood of success on the merits.**

To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims, only that the movant's prospects for success is "at least . . . *sufficiently likely* to support the kind of relief it requests." *Noodles Dev.*, 507 F. Supp. 2d at 1034 (emphasis added) (quotation omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485 (quotation omitted).

Plaintiffs argue they will be successful on the merits because the Ordinance (1) illegally divests their vested legal non-conforming rights under Missouri law; (2) violates the doctrine of laches; (3) violates their procedural due process rights, (4) and violates their protections under the Dormant Commerce Clause. *See* Sugg. in Support at 4–7. The City responds that Plaintiffs are bringing "facial" challenges to the Ordinance (since they request the entire Ordinance be found unconstitutional) yet fail to demonstrate the Ordinance would be unconstitutional in all circumstances. *See* Df. City's Sugg. in Opp'n at 3–4. Further, they note zoning laws are a matter of local concern. *Id.* at 4–5.

After going through the existing record and the relatively few cases Plaintiffs have cited, Plaintiffs have not demonstrated a likelihood of success on the merits.

**D.    The public interest does not weigh in Plaintiffs' favor.**

The Court finds that to the degree the public interest is implicated here at all, it weighs in favor of allowing the citizens of Kansas City, Missouri, through their democratically elected councilmembers, to regulate themselves.

**E.    Plaintiffs have not carried their burden.**

After balancing the four factors, the Court holds Plaintiffs have not clearly shown entitlement to the extraordinary and drastic remedy of a temporary restraining order. *See Noodles Dev.*, 507 F. Supp. 2d at 1034.

## Conclusion

Plaintiffs' request for a temporary restraining order is DENIED. The Court withholds ruling on Plaintiffs' request for a preliminary injunction until the issue is fully briefed.

**IT IS SO ORDERED.**

Date:   June 14, 2023                                        /s/ Greg Kays
                                                             GREG KAYS, JUDGE
                                                             UNITED STATES DISTRICT COURT