IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MDKC, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:23-CV-00395-DGK |
| ) | |
| CITY OF KANSAS CITY, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING REQUEST FOR TELEPHONE CONFERENCE AND MOTION FOR EXPEDITED DISCOVERY

On August 28, 2023, Plaintiffs' counsel Megan Duma emailed the Court (with opposing counsel cc'd) requesting a telephone conference regarding a discovery dispute between the parties, pursuant to Local Rule 37.1. Attached to her email is a draft motion for expedited discovery and multiple spreadsheets, both of which are attached to this Order as exhibits. For the reasons stated below, Ms. Duma's request is DENIED WITHOUT PREJUDICE.

### Background

Nine Plaintiffs are scheduled to go before the Kansas City, Missouri Board of Zoning Adjustment ("BZA") on September 12, 2023, to contest Defendants' denial of their Short Term Rental ("STR") permits under the 2018 STR Ordinance. Ms. Duma claims these nine Plaintiffs were denied permits despite submitting the required documentation to obtain a permit, albeit some of the Plaintiffs did not submit the required documentation before May 4, 2023 (the date the City adopted the 2023 STR Ordinance).

In prepping for the upcoming BZA hearings, Ms. Duma represents she has reviewed all the 2018 STR applications which the City approved and issued permits for from March 1, 2023,

to May 6, 2023, to determine whether the City has issued permits to individuals without the required documentation.[1]  Ms. Duma allegedly discovered 95 applicants (some of which are the same individuals who submitted applications for different property permits) who did not submit the required documentation but received permits during this timeframe nonetheless.

On August 25, 2023, Ms. Duma asked defense counsel to turn over the allegedly missing documents, if they exist, pertaining to these 95 applicants.  Specifically, Ms. Duma requests all (1) 2018 STR applications; (2) owner consent affidavits verifying that the owners mailed notice to the adjacent neighbors and tenants; and (3) owner affidavits stating they got 55% of their adjacent neighbors' consent, along with the accompanying neighbors' signatures for the 95 applicants identified in the spreadsheets she created.

Defense attorney Sarah Baxter responded that she was not obligated to turn over discovery yet, but Ms. Duma could submit a Sunshine Law[2] form requesting these documents.  Ms. Duma represents she submitted a Sunshine Law request, but upon discovering the request can take up to 105 days to complete, and needing the documents by September 4, 2023,[3] she reached out to the Court for immediate assistance.

**Analysis**

As an initial matter, Local Rule 37.1 does not apply here.  The parties have not engaged in a Rule 26(f) conference yet, nor has the Court issued a scheduling order, so there is no "discovery dispute" to discuss at present.  Likewise, Defendants are not required to hand over documents at this juncture.

---

[1] As best the Court can tell, Ms. Duma compiled such information from an online database referred to as "the Compass KC computing system."

[2] No citation was provided for this Sunshine Law.

[3] The BZA allegedly requires all evidence relating to the September 12, 2023, hearings be submitted before September 4, 2023.

2

Granted there are limited circumstances where courts allow discovery prior to a Rule 26(f) conference, but Ms. Duma has not demonstrated good cause exists for doing so here. *See Pioneer Hi-Bred Int'l, Inc. v. Does*, No. 12-06046-CV-SJ-DGK, 2012 WL 12910607, at *1 (W.D. Mo. May 18, 2012) (finding good cause exists to grant early discovery into the identities of Doe defendants because plaintiff demonstrated the information was only available for a limited time).

At bottom, Ms. Duma is essentially asking the Court to intervene in her dispute before the BZA, which it will not do. Nothing indicates these documents will disappear if they are not discovered this week, to the extent these documents exist at all. And frankly Ms. Duma's own actions created the urgency of this situation. Ms. Duma could have filed a Sunshine Law request at the outset of this lawsuit instead of waiting until eleven days before she needed the documents (and amidst an upcoming holiday weekend for that matter).

Accordingly, the request is DENIED. The Court will enter its Rule 16 Notice, if necessary, after it rules on the pending motion to dismiss. ECF No. 22.

**IT IS SO ORDERED.**

Date: August 30, 2023  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT